IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| **DANNY J. SEXTON,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | NO. 1:18-cv-00035 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| ) | MAGISTRATE JUDGE FRENSLEY |
| **OHIO VALLEY ELECTRIC** ) | |
| **CORPORATION; and THE OHIO** ) | |
| **VALLEY ELECTRIC** ) | |
| **CORPORATION/INDIANA-KENTUCKY** ) | |
| **ELECTRIC CORPORATION** ) | |
| **LONG-TERM DISABILITY PLAN,** ) | |
| ) | |
|     **Defendants.** ) | |

## ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 42), recommending the Court grant the defendants' motion for judgment on the administrative record (Doc. No. 32), and deny the plaintiff's motion for judgment on the administrative record (Doc. No. 34). In the Report, the Magistrate Judge concluded that the decision made by the Administrator of The Ohio Valley Electric Corporation/Indiana-Kentucky Electric Corporation Long-Term Disability Plan ("the Plan") to deny Plaintiff long-term disability benefits was not arbitrary and capricious, or otherwise invalid, under the Employee Retirement Income Security Act of 1974.

Plaintiff has filed Objections (Doc. No. 43) to the Report and Recommendation, to which Defendants have responded (Doc. No. 44). Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and recommendation to which a specific

objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Although Plaintiff has listed several general objections to the Report, the Court will address only the specific objections, pursuant to the standard set forth above. As his first specific objection, Plaintiff argues the Magistrate Judge erred in concluding that Plaintiff failed to provide objective medical proof to support his claim. Plaintiff argues he did provide such proof, specifically, the records of his spinal fusion surgery in 2015; the findings of his treating physician, Dr. Fitz; and the May 2017 video reflecting his current condition. A review of the record, however, reveals the Magistrate Judge considered all these items of evidence, and determined they did not undermine the decision of the Administrator. Regarding the spinal fusion surgery in 2015, the medical evidence relied upon by the Administrator to render his decision to discontinue disability benefits effective June 2019, fully considered this medical procedure and the medical condition of Plaintiff over the next four years. (Doc. No. 42, at 5-6). As for the findings of Dr. Fitz, the Administrator relied on the determination of Dr. Kerstman that the restrictions and limitations listed by Dr. Fitz were not based on significant abnormalities shown by physical examination or diagnostic testing. (Doc. No. 42, at 8-13). As for the video, the Magistrate Judge explained that it

"simply shows Plaintiff being asked a series of questions at his attorney's office." (Doc. No. 42, at 21). Whether or not this evidence can be characterized as "objective," the Administrator was not arbitrary or capricious in finding Plaintiff failed to support his claim of continued disability with sufficient medical proof. The Magistrate Judge did not err in concluding as much.

Next, Plaintiff objects to the Magistrate Judge's conclusion regarding the Administrator's failure to order an in-person independent medical examination. The Magistrate Judge pointed out that the Administrator scheduled such an exam for Plaintiff, but Plaintiff cancelled the appointment, and it was not rescheduled. (Doc. No. 42, at 13-15). The Plan does not require the Administrator to obtain an in-person independent medical examination, and in this case, the Administrator engaged a physician to perform a file review. (*Id.*) Had Plaintiff participated in the exam rather than cancelling, or if he had otherwise provided additional medical proof, that proof would have been considered in any appeal of the Administrator's decision. (*Id.*) Under these circumstances, Plaintiff has not shown the Administrator was arbitrary or capricious in failing to order an in-person independent medical exam, and the Magistrate Judge did not err in reaching that conclusion.

Plaintiff also objects to the Magistrate Judge's conclusion regarding Plaintiff's ability to perform the material duties of his job or other gainful employment. As the Magistrate Judge pointed out, under the Plan, a person is not disabled if they are able to perform the material duties of their former job or other gainful occupation. The Magistrate Judge found the evidence relied on by the Administrator, including the advice of a vocational consultant, as well as Plaintiff's education, employment, and medical records, supports the conclusion that Plaintiff could be

3

gainfully employed as a Production Scheduler and Cost Estimator. (Doc. No. 42, at 15-18). Although Plaintiff argues this conclusion is unrealistic, he has not offered countervailing evidence demonstrating the Administrator's decision was arbitrary or capricious.

Plaintiff argues the Magistrate Judge failed to assign sufficient weight to the Social Security Administration's ("SSA") decision to award Plaintiff disability benefits. According to Plaintiff, the Magistrate Judge should have rejected the Administrator's determination that the medical evidence in the Plan record and the legal standards governing the Plan adequately explain the different decision reached by the Administrator. In finding this argument unpersuasive, the Magistrate Judge relied on relevant Sixth Circuit case law and pointed out examples of the distinctions between the rules and standards governing the award of SSA benefits and the standards governing the award of benefits under the Plan. (Doc. No. 42, at 18-21). The Magistrate Judge also pointed out the Plan record included evidence that was not in the SSA record, including Dr. Kerstman's opinion. (*Id.*) The Magistrate Judge did not err in reaching those conclusions.

Finally, Plaintiff objects to the Magistrate Judge's failure to give more weight to a May 2017 video. The video depicts Plaintiff responding to questions by counsel, and according to Plaintiff, reflects his physical struggles and discomfort. Plaintiff argues that, if video surveillance of claimants by insurance carriers is considered as probative evidence, his video should be considered as objective evidence of his medical condition.[1] The Magistrate Judge viewed the

---

[1] The question of whether the nonconsensual video surveillance of a claimant is appropriate evidence for an Administrator to consider in making a decision under the Plan is not at issue in this case. The Court notes, however, a distinction between a nonconsensual surveillance video and the interview-style video at issue here.

video, described it as showing Plaintiff being asked a series of questions in his attorney's office, and concluded it did not constitute objective medical evidence. (Doc. No. 42, at 21). The Magistrate Judge did not err in assigning little weight to the video evidence.

For the reasons described above, Plaintiff's objections fail to state viable grounds to challenge the Magistrate Judge's conclusions, nor do they otherwise provide a basis to reject or modify the Report and Recommendation. Thus, having fully considered Plaintiff's objections, the Court concludes they are without merit, and that the Report and Recommendation should be adopted and approved. Accordingly, the defendants' motion for judgment on the administrative record (Doc. No. 32) is **GRANTED**, the plaintiff's motion for judgment on the administrative record (Doc. No. 34) is **DENIED,** and this case is **DISMISSED.**

This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE